**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JOSEPH SPOSITO,

                Petitioner,

          -v-                                     9:22-CV-686 (AJB/TWD)

CHRISTOPHER MILLER,
Superintendent,

                Respondent.

---

**Hon. Anthony Brindisi, U.S. District Judge:**

## ORDER ON REPORT & RECOMMENDATION

On June 28, 2022, petitioner Joseph Sposito ("petitioner"), represented by counsel, filed this habeas corpus petition under 28 U.S.C. § 2254 challenging his conviction by jury verdict in Supreme Court, Albany County, of first-degree rape and first-degree criminal sexual act. Dkt. No. 1. Petitioner paid the filing fee. Dkt. No. 2.

The matter was initially assigned to Senior U.S. District Judge Thomas J. McAvoy, who ordered respondent to answer the petition and provide the relevant state-court records. Dkt. No. 3. Thereafter, the petition was fully briefed. Dkt. Nos. 12, 15, 17, 18, 28.

On August 27, 2025, U.S. Magistrate Judge Thérèse Wiley Dancks advised by Report & Recommendation ("R&R") that the petition be denied and dismissed. Dkt. No. 30. There, Judge Dancks concluded that petitioner had failed to establish either of his ineffective-assistance claims against his former trial attorney. *See id*. at 26–44.[1]

---

[1] Pagination corresponds to CM/ECF headers.

At the outset, Judge Dancks explained that where, as here, the petitioner's ineffective-assistance claims were adjudicated on the merits in state-court post-conviction proceedings, a "doubly deferential" standard applies on federal habeas review. *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009); *see also Harrington v. Richter*, 562 U.S. 86, 105 (2011) ("Federal courts must guard against equating unreasonableness under *Strickland* with unreasonableness under § 2254(d).").

Mindful of this deference, and measured against the two-pronged federal standard for ineffective-assistance claims under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), Judge Dancks concluded that petitioner had: (1) failed to show an "error in the state courts' decisions to accept trial counsel's waiver of the *Huntley* hearing," Dkt. No. 30 at 34, but that, even if he were otherwise able to do so, he was unable to show *Strickland* prejudice, *id*. at 35–37; and that he had (2) failed to show that the New York Court of Appeals had "unreasonably applied *Strickland*" by concluding that his "trial counsel's decision not to 'consult with or call any expert witnesses' constituted 'a reasonable strategic choice," *id*. at 41 (citation omitted), but that, even if he were otherwise able to do so, he was unable to show *Strickland* prejudice, *see id*. at 42. Accordingly, the R&R recommended that the petition be denied and dismissed. *Id*. at 43.

Petitioner has lodged objections. Dkt. No. 33. The matter has recently been reassigned to this Court for a decision. Dkt. No. 34. At the Court's request, respondent filed a response to petitioner's objections. Dkt. No. 36. Upon *de novo* review, and with the benefit of respondent's arguments, Judge Dancks's R&R is accepted and will be adopted. *See* 28 U.S.C. § 636(b)(1)(C).

Indeed, petitioner's objections must be overruled for substantially the reasons set forth in respondent's thorough responsive brief. In addition to respondent's well-founded arguments, the Court specifically rejects petitioner's assertion that Judge Dancks's R&R "simply repeat[ed] and

accept[ed] the state courts' conclusions without subjecting them to any level of scrutiny."  Dkt.

No. 33.  To the contrary, the R&R appropriately accounted for the layered standard of deference

owed to the state courts' post-conviction determinations.  If anything, petitioner's arguments on

habeas review suffer from the opposite problem: his briefing fails to persuasively articulate how

he meets the deferential standard that applies at this late stage of his case.

Likewise, the mere fact that jurists on the Appellate Division and Court of Appeals issued

dissents does not, *ipso facto*, establish that a Certificate of Appealability is warranted on either of

his ineffective-assistance claims.  Instead, the relevant question is whether petitioner has made a

"substantial showing" that he has been deprived of a federal constitutional right.  Because he has

not done so, and because neither of the state-court dissents offered a substantial basis on which

to conclude otherwise, the R&R recommended that a Certificate of Appealability be denied.

Broadly stated, petitioner contends that the "extremely rare" double-granting of leave to

appeal to the New York Court of Appeals, together with the fact that appellate judges dissented

on the ineffectiveness issue, establish that he is entitled to a certificate of appealability.  But this

argument overstates the nature of the dissents.  Although Justice Colangelo's dissenting opinion

does make reference to "prejudice," *People v. Sposito*, 193 A.D.3d 1236, 1245 (3d Dep't 2021)

(Colangelo, J., dissenting), respondent correctly notes that New York uses a different ineffective-

assistance legal standard than federal law.  Dkt. No. 36 at 33–34.  Thus, as respondent correctly

points out, "[n]o jurist has ever found that petitioner established *Strickland* prejudice for either of

his ineffectiveness claims."  *Id*. at 34.

Even putting that technical distinction aside, the Second Circuit has recently reiterated

how deferential the standard of review is for § 2254 petitions, *McCray v. Capra*, 45 F.4th 634,

640 (2d Cir. 2022), and the lower courts have focused on that demanding standard in refusing to

grant a certificate of appealability founded on an isolated statement by another jurist, *see, e.g.*, *Rodriguez v. Capra*, 2023 WL 2366884, at \*5 (S.D.N.Y. Mar. 6, 2023) (rejecting the petitioner's assertion that a certificate of appealability should issue because the assigned magistrate judge, "a reasonable jurist," might have so recommended).

In any event, a *de novo* review of petitioner's objections to the R&R confirm that none of his arguments warrant any relief. As to his ineffective-assistance claims based on the waiver of a *Huntley* hearing, each of the state post-conviction courts credited trial counsel's testimony at the evidentiary hearing, which established that the waiver was an intentional strategy that fell within the broad range of competence recognized under *Strickland*'s first prong. The same is true of the ineffectiveness claim based on his trial counsel's failure to consult with, or call, any experts—the state post-conviction courts credited trial counsel's testimony that this approach was strategic in nature, and the underlying record established that this strategy was a reasonable one for purposes of a *Strickland* challenge. Finally, as to both arguments, petitioner failed to show any *Strickland* prejudice as that term is defined under federal law. Accordingly, the R&R is accepted and will be adopted.

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 30) is ACCEPTED;

2. The petition is DENIED and DISMISSED; and

3. No Certificate of Appealability will be issued.

The Clerk of the Court is directed to terminate the pending motion and close the file.

**IT IS SO ORDERED.**

Dated: December 1, 2025
Utica, New York

Anthony J. Brindisi
U.S. District Judge